IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARK MORRIS, ADC # 156949     PLAINTIFF

v.     1:15CV00126-KGB-JJV

MILGRIM, Sergeant,
Grimes Unit; *et al.*     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Mark Morris ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges the named Defendants violated his rights by ordering his barracks to eat last on October 11 and 14, 2015. (*Id*. at 4.) Plaintiff contends he and others in his barracks suffer from various medical ailments and disabilities which militate in favor of them eating first, thereby avoiding lines and limited seating in the chow hall. (*Id*.) He argues Defendants' actions violate Arkansas Department of Correction policy, constitute deliberate indifference, and are discriminatory. (*Id*.) After review[1] of these allegations, I find Plaintiff has failed to state any claim upon which relief may be granted.

First, although he makes reference to the difficulties the meal order caused other inmates[2] in his barracks, Plaintiff has no standing to bring their claims. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (per curiam). Second, Defendants cannot be held liable under section 1983 for violating prison policy. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Third, I find

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

[2]Specifically, Plaintiff alleges that there are "canes, walkers, and wheelchairs" and many in the barracks "have injuries cause (sic) of healing from surgery, or having (sic) injuries waiting on surgery." (Doc. No. 2 at 4.)

that these allegations, taken as true, do not amount to deliberate indifference. Plaintiff's only alleged injury is that waiting in the meal line caused him to experience some pain from a surgical wound that had not healed properly. (Doc. No. 2 at 4.) This injury is *de minimis* and cannot support an Eighth Amendment claim. *See Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir.1993) (holding that "[o]ur Eighth Amendment precedents have consistently recognized that actual injury is required to state an Eighth Amendment violation."). Finally, Plaintiff's discrimination claim is not supported by enough facts to establish plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He makes only a single reference to discrimination and does not allege any specific facts to indicate the Defendants were "motivated by intentional or purposeful discrimination." *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 816 (8th Cir. 2008).

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 4th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."